IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., )<br>425 Third Street SW, Suite 800 )<br>Washington, DC 20024, )<br>                                                )<br>              Plaintiff, )<br>v.                                            )<br>                                                )<br>U.S. DEPARTMENT OF )<br>HOMELAND SECURITY, )<br>Office of the General Counsel )<br>245 Murray Lane SW )<br>Mailstop 0485 )<br>Washington, DC 20528, )<br>                                                )<br>U.S. DEPARTMENT OF DEFENSE, )<br>1400 Defense Pentagon )<br>Washington, D.C. 20301 )<br>                                                )<br>              Defendants. )<br>                                                ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendants U.S. Department of Homeland Security and U.S, Department of Defense to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.  The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.  Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and

accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Homeland Security is an agency of the U.S. Government and is headquartered at 245 Murray Lane SW, Washington, DC 20528.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

5. Defendant U.S. Department of Defense is an agency of the United States Government and is headquartered at 1400 Defense Pentagon, Washington, D.C. 20301.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. The U.S. Secret Service ("Secret Service") is a component of Defendant U.S. Department of Homeland Security.

7. The U.S. Air Force ("Air Force") is a component of Defendant U.S. Department of Defense.

8. In August 2024, Plaintiff served multiple FOIA requests on the Secret Service and the Air Force seeking records concerning travel related costs for Vice President Kamala Harris.

9. All of Plaintiff's FOIA requests to the Secret Service were identical but for the time frame of the request.  Plaintiff's FOIA requests sought: "All records concerning use of U.S Government funds to provide security and/or other services to Vice President Kamala Harris and any companions while traveling."

10. The chart attached hereto as Exhibit A and incorporated herein by reference sets forth, with respect to each FOIA request made to the Secret Service: (1) the date the request was sent; (2) the time frame for the travel records requested; (3) the date of acknowledgment letter

confirming the Secret Service received the request; (4) the tracking number assigned to the request by the Secret Service; (5) and the determination due date.

11. All of Plaintiff's FOIA requests to the U.S. Air Force were identical but for the time frame of the request. Plaintiff's FOIA requests sought: 1) any and all records concerning mission taskings of travel undertaken by Vice President Kamala Harris; and 2) any and all records concerning transportation costs for Vice President Kamala Harris.

12. The chart attached hereto as Exhibit B and incorporated herein by reference sets forth, with respect to each FOIA request made to the Air Force: (1) the date the request was sent; (2) the time frame for the travel records requested; (3) the date of acknowledgment letter confirming the Air Force received the request; (4) the tracking number assigned to the request by the Air Force; and (5) the determination due date.

13. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the Secret Service and the Air Force were required to determine whether to comply with each request within twenty (20) working days of receipt and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Both the Secret Service and the Air Force invoked a 10-day extension pursuant to 6 C.F.R., Part 5 §5.5(c). The determination dates indicated in Exhibits A and B reflect this extension.

14. As of the date of this Complaint, both the Secret Service and the Air Force have failed to: (i) determine whether to comply with each request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

15. Plaintiff realleges paragraphs 1 through 14 as if fully stated herein.

16. Defendants are violating FOIA by failing to search for and produce all records responsive to Plaintiff's requests or demonstrate that the requested records are lawfully exempt from production.

17. Plaintiff is being irreparably harmed by Defendants' violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with FOIA.

18. To trigger FOIA's administrative exhaustion requirement, Defendants were required to make determinations with respect to Plaintiff's requests within twenty (20) working days of receiving the request.  At a minimum, Defendants were required to:  (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendants intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

19. Because Defendants failed to make determinations with respect to Plaintiff's requests within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably calculated to uncover all records responsive to the requests; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold any and all non-

exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: January 27, 2025        Respectfully submitted,

*/s/ Lauren M. Burke*
Lauren M. Burke
D.C. Bar No. 1028811
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172
lburke@judicialwatch.org
*Counsel for Plaintiff*